ORAL ARGUMENTS REQUESTED

NO. 12-14-001420CR

FILED IN COURT OF APPEALS
12th Court of Appeals District

APR -9 2015

TYLER, TEXAS
CATHY S. LUSK, CLERK



IN THE COURT OF APPEALS

12TH JUDICIAL DISTRICT

TYLER, TEXAS

HENRY M. SWINNEY

VS.

THE STATE OF TEXAS,

APPELLEE

ON APPEAL IN CAUSE NUMBER 114-1350-13

FROM THE 114TH DISTRICT COURT

OF SMITH COUNTY, TEXAS

THE HONORABLE CHRISTY KENNEDY, JUDGE PRESIDING

APPLICANT'S PRO SE BRIEF

HENRY M. SWINNEY

#1935892

CHOICE MOORE UNIT

1700 N FM 87

BONHAM, TX 75418

## IDENTITY OF PARTIES AND COUNSEL

**APPELLANT:**

HENRY MARCUS SWINNEY

**APPELLANT'S TRIAL COUNSELLOR:**

LAJUANDA LACY

2410 CECIL

TYLER, TX 75702

LAW OFFICE OF JEREMY COE

EDWARD ESTRADA - RETAINED

MODESTO ROSALES

423 S. SPRING ST.

TYLER, TX 75702

**APPELLANT'S APPELLATE COUNSEL:**

JAMES HUGGLER

100 E. FERGUSON, SUITE 805

TYLER, TX 75702

I

**APPELLEE:**

THE STATE OF TEXAS


**APPELLEE'S TRIAL COUNSEL:**

JACOB PUTTMAN

CHRISTOPHER GATEWOOD

LUCAS MACHICEK

SMITH COUNTY CRIMINAL DISTRICT ATTORNEY'S OFFICE

100 NORTH BROADWAY, 4TH FLOOR

TYLER, TX 75702

(903) 590 - 1720

(903) 590 - 1719


**APPELLEE'S APPELLATE COUNSEL:**

MICHAEL WEST

SMITH COUNTY CRIMINAL DISTRICT ATTORNEY'S OFFICE

100 NORTH BROADWAY, 4TH FLOOR

TYLER, TX 75702

(903) 590 - 1720

(903) 590 -1719 (FAX)

2

## Table of Contents

Identity of Parties and Counsel     1

Table of Contents     3

Table of Authorities     4

Statement of the Case     5

Oral Argument     6

Issues Presented     7

Statement of Facts     8

Summary of Argument     9

Argument     10

Personal Evaluation of the Record     12

Conclusion     13

Prayer     13

# TABLE OF AUTHORITIES

**STATUTES:**

TEXAS PENAL CODE ANN                    22.01 (A)(1) WEST 202 (g) + PAGE 1

TEXAS PENAL CODE ANN                    22.01 (b)(2)(a) WEST 202 (G) + PAGE 1

**CASES:**

STATE VS. CASTELLANO

**RULES:**

NO RULES MENTIONED IN PRO SE BRIEF

:

HENRY MARCUS SWINNEY, APPEALS

APPELLANT

VS.

THE STATE OF TEXAS

APPELLEE

IN THE COURT OF

12TH JUDICIAL COURT

## APPELLANT'S PRO SE BRIEF:

TO THE HONORABLE COURT OF APPEALS AND THE JUSTICES THEREOF:

COMES NOW HENRY M. SWINNEY RESPECTFULLY SUBMITTING THIS BRIEF ON APPEAL.

## STATEMENT OF THE CASE:

APPELLANT WAS CHARGED BY INDICTMENT WITH THE FELONY OFFENSE OF ASSAULT FAMILY VIOLENCE IN SMITH COUNTY ON AUGUST 22, 2013. CR1. TEXAS PENAL CODE ANN S2201(A)(1) AND (b) (2)(A) (WEST 2012). A JURY FOUND MR. SWINNEY, MYSELF, GUILTY OF THE OFFENSE. CR101. FOLLOWING EVIDENCE AND ARGUMENT THE JURY ASSESSED PUNISHMENT AT EIGHT (8) YEARS OF CONFINEMENT. CR113. TIMELY NOTICE OF APPEAL WAS FILED CR 120-121 AND 130. THE APPELLANT'S BRIEF FILED BY APPELLANT'S COUNSEL, JAMES HUGGLER, WAS TIMELY FILED ON OR BEFORE DECEMBER 2, 2014.

5

# ORAL ARGUMENTS

1. Efficiency of Counsel
2. Effectiveness of Counsel
3. Defense Exhibit P1
4. The Effects of Gardner's False Testimony
5. Asking law officer's to testify as forensic experts
6. counsel's inexperience in criminal trial
7. Multiple lies told by states witnesses
8. Defense Attorney sent defense witnesses home before trial started without my consent. These witnesses wanted to testify and had valuable information to share regarding my innocence. (Gary Simmons, Sherri Williams, bobby Gibson). They all had knowledge towards my defense and were told they would not be needed.


# COURT TRIAL TRANSCRIPT SHOWS PROOF:

1. Suppressed video will show that Detective Gardner lied under oath.
2. Mr. Gatewood's closing argument was full of untrue conclusionary statements.
3. With statements of assault of 11/9/12 alone a retrial should be granted.

4. Judges ruler for discussing the case was broken, reported to counsel, and no action was taken, counsel disregarded report.

5. Untrue facts told to the jury. Counsel given opportunity to reopen neither side did. Jury made decisions based on untrue statements.


Based on dismissal of case 12-28239, all enhancements are premature.

# ISSUES PRESENTED:

## EFFECTIVENESS/EFFICIENCY OF DEFENSE COUNSEL, v.12, p107

1. Defense Counsel prevented three different witnesses from testifying. They were all told that they would not be needed. All three had some sort of knowledge and testimony to give that would of presented reasonable doubt.
2. Mr. Estrada admitted to never having picked a jury (voir dire) before and had Mr. Modesto to sit in.
3. Jeremy Coe had agreed to sit in trial and be co-counsel because of the lack of experience of Mr. Estrada. Jeremy Coe never showed up. This left Mr. Estrada to stand alone with no previous experience in criminal trial law.
4. Mr. Estrada did not pursue facts of prior alleged assault build up or relationship. He told me that it was irrelevant, but it is not. State V, Castellano...disclose any matter.

5. Mr. Estrada himself asked questions of the judge and prosecuting attorneys in relationship to suppressed testimony handling.


## LAW ENFORCEMENT GIVING MEDICAL TESTIMONY


## STATES WITNESSES DISCUSSING CASE IN HALLWAY IN PROXIMITY OF JURY

It was told to Mr Estrada that the prosecuting attorney and Ms. Swinney and Ms. Wilson were seen by a reliable person discussing the case in the hallway as the jury was exiting the jury room. This allowed them to hear opinions that were not expressed and caused the jury members to become prejudiced against myself before hearing all the case. Nothing was done about this by any member of counsel.


## KIM GARDNER'S FALSE TESTIMONY:

1. Gardner's statement of contacting me was false.
2. Can he show proof or time receipts?

3. Exhibit P1 entered but never mentioned.

1. States quote from witnesses original statement differs from actual witness testimony given under oath. Ms. Swinney made reference to calmly cooking a meal of four courses, and was very specific as to what was prepared, and yet by her own admission was hysterical for 3-4 hours later

Swinney guilty as charged in the indictment Evidence, testimony, and arguments, the jury found

## CONCLUSIONARY STATEMENT BY STATE NEVER PROVEN:

Mr. Gardner gave a false interpretation of me to be violent. (V.12 P16 L89) (V12 P42 L11-12)

## STATEMENT OF FACTS:

Appellant was charged by indictment with the felony offense of Assault Family Violence. XII RR 10-11(2); Texas Penal Code Ann. 22.01 (a)(1) and (b) (2)(a) (west 2012).

Following, testimony, and arguments, the jury found Mr. Swinney guilty as charged in the indictment. XII RR241, CR101.

Following testimony,evidence and argument of counsel the jury assessed an eight year sentence CR113.

Reference to the Reporter's Record are designated "RR" with a Roman Numeral preceding "RR" specifying the correct volume and a number following designating the correct page.

*8*

## ARGUMENT SUMMARY:

I, Henry Swinney, after reviewing the court transcript record, would like to raise attention to several issues for argument.

I. Efficiency/Effectiveness of Defense Counsel. I challenge Mr. Estrada's experience in criminal law and trial procedures. Pointing out mistakes and deficiencies during trial proceedings.

II. Law Enforcement testimony given as a medical examiner, Injuries were inconsistent with sworn statement.

III. Detective Ken Gardner, while under oath, gave and or made false testimony and swore to the aforementioned.

IV. States witness gives contradicting testimony from original report to match injuries.

V. With no objection from defense, counsel gives conclutionary statements as facts, unproven facts, in the presence of and directly made to the jury.

VI. Defense Exhibit P1 was offered into evidence without objection, but never explained to the jury. Therefore, never correcting false testimony by the state and states witnesses.

VII. Officer Hale, gives unsupported opinion of defendant to be violent with law enforcement. A conclutionary statement falsely offered as fact. No history of anything other than compliance with law enforcement or legal authority.

9

## ARGUMENT:

I, Henry Swinney, appellant in cause number 12-14-00142-CR , in the 12th Judicial Court of Appeals, would like to raise seven points that I perceive to be erroneous and argue the facts that my defense fell short of Effective.

## FIRST RAISED POINT

Efficiency and effectiveness of counsel assistance. Edward Estrada does in fact work for the law office of Jeremy Coe. Mr. Estrada was my retained counsel. Day one of the trial, State V. Henry Swinney, at the start of Voir Dire, Mr. Estrada admits to me that he has never participated in selecting a jury, therefore, he would have Mr. Modesto Morales sit in to assist. XI RR 2

Mr. Estrada shows multiple accounts of incompetence in volume eight of the reporters record VIII RR 4-11. The court has to remind Mr. Estrada how long he has been on the case, and that motions were to be filed prior to trial. VIII RR 5. Mr. Estrada admits he has not filed motions in a timely manner. The court tells Mr. Estrada "this is no way to run a case." showing lack of efficiency and effectiveness. VIII RR 6. The court verbally reprimands Mr. Estrada for his actions of filing motions untimely. VIII RR 8.

The court has to tell Mr. Estrada that motions cannot be viewed until they are filed. The court also comments on counsels deficiency of being ready on time. VIII RR 9-19. On several instances the court repeated the invocation of "THE RULE". XII RR 8,9,90,93; yet, when it was reported to Mr. Estrada that " THE RULE" was being broken by states witnesses in the hallway, he said, "it doesn't matter unless jury members are present." In fact, the jury members were present as they were leaving the jury room. that;s not what the judge said upon invocation of the said rule.

Mr. Estrada sent defense witnesses home saying they wouldn't be needed. Gary Simmons, Bobby Gibson, and Sherri Williams Hague all showed up and were ready to testify on my behalf, and without my prior approval they were told they wouldn't be needed and that they could leave. Gary Simmons was a key witness to Ms. Swinney and Ms. Wilsons conspiring the false report of the alleged assault. No references to reporters record on these events.

## SECOND RAISED POINT:

I concur that law enforcement should not give testimony in likeness of a medical examiner. It is my belief that with past threats of self-harm by Ms. Swinney to get revenge by having me arrested and then dropping the charges a few days later, a more appropriate medical analogy of the injury should have been given under oath, rather than just the OPINION of law enforcement officers. XII RR 106,131. There should have been a pathology report from a medical professional since at no time did Ms. Swinney seek medical attention of any kind. And the report was filed several hours after she left the residence on North Grand Avenue where the alleged assault was supposedly to have happened.

## THIRD RAISED POINT:

I would like to raise the point that Law Enforcement Detective Ken Gardner, of the Tyler Police Department, gave false testimony on the witness stand, while under oath. Ken Gardner gave false testimony of a class C Assault on Carolyn Swinney. He stated that notes orl, Henry Swinney, confirmed guilt and paid a citation to Tyler Municipal Court. When in fact Defense Exhibit P1 shows proof that a citation was in fact not paid and a plea of not guilty was entered. The charges were dismissed due to insufficient evidence and lackof prosecution. The jury was led to believe by a states counsel and Detective Gardner that I was Guilty of a crime that did not occur. Mr. Estrada after receiving Exhibit P1, never reopened argument to offer the information to the jury, as directed by Judge Kennedy. Thus letting the jury make their decision believing false testimony. XIII RR 36-38. State and Defense both rest never mentioning to the jury what Defense Exhibit P1 is or what it pertains to. In regards to Ken Gardner's statement that I paid a citation, no such comment was ever made.

## FOURTH RAISED POINT:

During the states opening remarks, he is repeating from notes or sworn statement from Ms. Swinney that assault was with an open hand. XII RR 14. Then in Ms. Swinney's testimony on the stand she says that it was close fisted. XII RR 40. The alleged "victim's" sworn testimony and under oath trial testimony differ in a perjurous manner. The statement of open hand contradicts closed fist, and in regards to related injury,

open hand would not have caused the "alleged" (self - inflicted) injury. So by this going without correction by prosecution it was an act of knowingly encouraging perjury. Also Defense Counsel never objected and another instance of ineffective counsel.

## FIFTH RAISED POINT:

In relation to closing statements by states counsel, and no objection from defense counsel, Mr. Gatewood makes a false statement of "two weeks later he is performing another assault." XIII RR 48. There was only one assault charge on Ms. Swinney back in 2012. Mr. Gatewood again makes a false conclusion that I had failed anger management classes, when in fact I was enrolled, but the class had not begun yet. XIII RR 49. This portrayed to the jury that I was a rebellious man and defiant to the tactics taught in said class. A false conclusionary statement is not a factual evidence. Furthermore it should have caused an objection from an experienced Defense Attorney.

## SIXTH RAISED POINT:

Recapping specifically on Defense Exhibit P1; In State V Castenello, no one during proceeding has the privilege of refusing to disclose any matter. States counsel as well as Defense Counsel refused to disclose to the jury exactly what they were looking at when Exhibit P1 was published to the courtroom. Never correcting false testimony heard by jurors. XIV RR 46; XIII RR 38.

## SEVENTH RAISED POINT:

States' witness, Officer Collin Hale, gives unsupported testimony, in an opinionated statement, alluding to the jury that I, Henry Swinney, would become violent with law enforcement. With no record showing anything other than full compliance to law enforcement of any other legal Authority figure. XII RR 109. No objection from Defense Counsel. The statement, by Officer Hales, demeans defendants character and should have been stricken.

## PERSONAL EVALUATION OF THE RECORD:

After a thorough and exhaustive search and reading of the court records, I do believe that all the points that I have raised are well documented, and therefore warrant closer evaluation and scrutiny that will lead up to a new trial being given. Let the record speak for itself.

## CONCLUSION:

The records show that a travesty of justice has occurred. A jury was caused to become prejudiced toward a defendant because of false statements by state witnesses, and the lack of a properly presented defense by a counsel man that was inadequate to say the least and incompetent from the very beginning. In an attorneys quest to obtain a retainer fee, he failed to acknowledge his inexperience and lack of general courtroom knowledge. Key witnesses were not allowed to testify and an innocent man is currently locked up and prevented from seeing his family and friends.

## PRAYER:

It is appellant's prayer that a new trial be granted on the above mentioned grounds and that the appellant's rights by the constitution be given for a chance at a fair unprejudicial jury trial. Appellant prays for general relief.

13

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Motion has been delivered to Michael West, Counsel for the State, at the addresses listed below on this the _6 th_ day of ___APRIL___, 2015 by hand delivery or regular mail or the State of Texas electronic filing system.

Henry Swinney

Michael West
Smith County District Attorney's Office
100 North Broadway, 4th Floor
Tyler, Texas 75702

14